**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-51133
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS ANTONIO HERNANDEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1161-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marcos Antonio Hernandez-Hernandez appeals the 70-month sentence imposed following his guilty plea conviction for illegal reentry. He asserts that the district court erroneously calculated his advisory sentencing guidelines range because it increased his base offense level and his criminal history score based on a New Mexico state court conviction of robbery that was committed when he was 15 years old. He contends also that the sentence imposed was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors properly and imposed a significant upward variance.

Because Hernandez-Hernandez objected to the offense level and criminal history enhancements in the district court, our review of his challenges to the enhancements is de novo. *See United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1384 (2009). We must decide whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 594, 597 (2007).

In accordance with U.S.S.G. § 2L1.2, the district court properly increased Hernandez-Hernandez's offense level based on his New Mexico robbery conviction because he was subject to adult penalties and was sentenced to three years of imprisonment. *See also* § 2L1.2, comment. (n.1(A)(iv)). Additionally, U.S.S.G. § 4A1.2 authorized the addition of three criminal history points. *See* § 4A1.2, comment. (n.7). Hernandez-Hernandez did not present any information to rebut the accuracy of the information in the presentence report; accordingly, the district court did not err in relying on that information. *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009). Hernandez-Hernandez has not shown that the district court committed procedural error in the application of the Guidelines. *See Klein*, 543 F.3d at 213.

Moreover, the record demonstrates that even if the district court had erred by applying the increases, the alleged error would not require reversal; the record shows that the district court intended to and did impose a valid, nonguidelines, alternative sentence. *See United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009). After it considered the nature and circumstances of the offense and Hernandez's criminal history and

characteristics, the district court explained that a 70-month sentence was fair and reasonable. The district court thus considered the § 3553(a) factors.

AFFIRMED.